Rose Friedman, Appellant, v. The Travelers Insurance Company, Respondent, and Irving Kaufman, Defendant.— Appeal from a judgment of the Supreme Court, entered in the Greene county clerk's office on May 15, 1939, upon the verdict of a jury and from an order denying a motion to set aside the verdict and for a new trial. The action is upon a life insurance policy. The first cause of action is to recover the face amount of the policy, the second for alleged permanent total disability benefits for the period commencing December 15, 1926, and ending June 3, 1937, and the third for premiums paid during disability from the date of the policy to August 19, 1932. The policy was issued on February 19, 1925. The insured became sick on December 15, 1926, and died on June 3, 1937. No premiums were paid on the policy after February 19, 1932, which carried it to August 19, 1932. It is claimed that during the period of his illness and up until the time of his death he was totally and permanently disabled and, therefore, entitled to the permanent total disability benefits and waiver of premiums as provided by the policy. It was conceded that no proof of disability was furnished to the company or filed with it prior to the death of the insured although the policy provided that permanent total disability benefits should be payable only after receipt by the company of due proof of such disability and that the payment of premiums on the policy would be waived upon due proof of such disability. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

Mrs. Mae Belle Motiska, Respondent, v. Dr. Maurice Miller, Appellant.— Appeal by defendant, a physician, from a judgment recovered by plaintiff in an action on *quantum meruit* for services performed in the morning as office attendant. The evidence sustains the judgment. Judgment and order unanimously affi med, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Application of Al Del Monico, Inc., Petitioner, for an Order of Review against Henry E. Bruckman, Chairman, Joseph M. Ryan and Others, Constituting the State Liquor Authority of the State of New York, Respondents.— Review of an order of the New York State Liquor Authority suspending the liquor license of the petitioner Al Del Monico, Inc. The petitioner was charged by respondents with having violated the provisions of the Alcoholic Beverage Control Law and the rules of the State Liquor Authority in that it violated section 106, subdivision 6, of the Alcoholic Beverage Control Law, having permitted gambling in licensed premises. The evidence produced at the hearing was wholly insufficient to sustain the charges and the determination of the State Liquor Authority should be annulled. Determination of the State Liquor Authority annulled, with fifty dollars costs and disbursements. Crapser, Bliss, Schenck and Foster, JJ., concur; Hill, P. J., dissents.

Schine Theatrical Co., Inc., Respondent, v. Massachusetts Bonding and Insurance Company, Appellant.— Defendant, for value received, by its policy of insurance undertook " to defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted " on account of injuries received by the employees of plaintiff. Defendant failed to discharge its obligation in this regard. The judgment is for the expenses incurred by the plaintiff in defending a claim made by one of its employees under the Workmen's Compensation Law. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.